UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID WAGNER, MARK LAWRENCE,
DOWNING PARTNERS, LLC,
DOWNING INVESTMENT PARTNERS, LP,
and DOWNING DIGITAL HEALTHCARE
GROUP, LLC,,

Defendants.

C.A. No. 19-5570 (KPF)

---

## JUDGMENT AS TO DEFENDANT DAVID WAGNER

The Securities and Exchange Commission having filed a Complaint and Defendant David

Wagner ("Defendant") having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Judgment; waived

findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with

the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1), (2) & (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) & (4)], and Rule 206(4)-8 thereunder [17 C.F.R. §275.206(4)-8], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client;

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(3) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including when acting as an investment adviser to a pooled investment vehicle to:

(a) make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made not misleading to any investor or prospective investor in the pooled investment vehicle; or

(b) otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $540,000, representing profits gained as a result of the conduct alleged

in the Complaint, together with prejudgment interest thereon in the amount of $104,179.54, for a

total of $644,179.54.  Disgorgement and prejudgment interest are hereby deemed satisfied in light of

the $7,850,000 restitution order in the case *U.S. v. Wagner*, Crim. No. 19-00437-1 (S.D.N.Y.).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by Defendant of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:   __August 19_____, 2021

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID WAGNER, MARK LAWRENCE,
DOWNING PARTNERS, LLC,
DOWNING INVESTMENT PARTNERS, LP,
and DOWNING DIGITAL HEALTHCARE
GROUP, LLC,,

Defendants.

C.A. No. 19-5570 (KPF)

---

## CONSENT OF DEFENDANT DAVID WAGNER

1.      Defendant David Wagner ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, in *United States v. Wagner*, Crim. No. 19-00437-1 (S.D.N.Y.), Defendant pleaded guilty to violations of Section 10 of the Securities Exchange Act [15 U.S.C. §§ 78j(b) and 78(ff)], and Rule 10(b)-5 thereunder [17 C.F.R. §240.10b-5]; and one count of wire fraud in violation of 18 U.S.C. § 1343. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Wagner*.

3.      Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

(a)    permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 and Rule 206(4)-8 thereunder [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];

(b)    orders Defendant to pay disgorgement in the amount of $540,000.00 plus prejudgment interest thereon in the amount of $104,179.54 for a total of $644,179.54.  Defendant's $644,179.54 payment obligation shall be deemed satisfied by the $7,850,000 Order of Restitution entered against Defendant against Defendant in *United States v. Wagner*.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final
Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of
its terms and conditions. Defendant further agrees to provide counsel for the Commission, within
thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or
declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted
against Defendant in this civil proceeding. Defendant acknowledges that no promise or
representation has been made by the Commission or any member, officer, employee, agent, or
representative of the Commission with regard to any criminal liability that may have arisen or may
arise from the facts underlying this action or immunity from any such criminal liability. Defendant
waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the
imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's
entry of a permanent injunction may have collateral consequences under federal or state law and the
rules and regulations of self-regulatory organizations, licensing boards, and other regulatory
organizations. Such collateral consequences include, but are not limited to, a statutory
disqualification with respect to membership or participation in, or association with a member of, a
self-regulatory organization. This statutory disqualification has consequences that are separate from
any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding
before the Commission based on the entry of the injunction in this action, Defendant understands
that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e),
which provides in part that it is the Commission's policy "not to permit a defendant or respondent
to consent to a judgment or order that imposes a sanction while denying the allegations in the

complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official

capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:_____March 11, 2021_____     _____
                                              David Wagner

On _March 11_, 2021, _David Wagner_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

KAREN VAN OUTRYVE
Notary Public, State of New York
No. 31-4854080
Qualified in New York County
Commission Expires May 19, 20 22

5